**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KALDREN LLC,**<br>**Plaintiff,**<br>**v.**<br>**AMERICAN EXPRESS COMPANY,**<br>**Defendant.** | **No. 1:17-cv-**<br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Kaldren LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

**THE PARTIES**

1. Plaintiff Kaldren LLC is a Texas limited liability company with a principal office at 555 Republic Drive, Suite 289, Plano, Texas 75074-5481.

2. Defendant American Express Company is a Delaware corporation with a principal office at 200 Vesey Street, New York, NY 10285-3106. Defendant may be served with process via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engages in other persistent courses of

conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENTS-IN-SUIT

7. On August 8, 2000, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,098,882 (“the 882 patent”), entitled “Variable Formatting of Digital Data Into a Pattern.” A true and correct copy of the 882 patent is attached at Exhibit A.

8. On January 23, 2001, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,176,427 (“the 427 patent”), entitled “Variable Formatting of Digital Data Into a Pattern.” A true and correct copy of the 427 patent is attached at Exhibit B.

9. On November 23, 2004, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,820,807 (“the 807 patent”), entitled “Variable Formatting of Digital Data Into a Pattern.” A true and correct copy of the 882 patent is attached at Exhibit C.

10. On October 9, 2012, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,281,999 (“the 999 patent”), entitled “Variable Formatting of Digital Data Into a Pattern.” A true and correct copy of the 999 patent is attached at Exhibit D.

11. The 882, 427, 807, and 999 patents are presumed valid under 35 U.S.C. § 282(a).

12. Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 882, 427, 807, and 999 patents.

## THE ACCUSED PRODUCT

13. Defendant makes, uses (including testing by Defendant), sells, offers for sale, or imports one or more products that infringe one or more claims of the 882, 427, 807, and 999 patents.

14. Defendant’s Accused Product is its Quick Response (“QR”) Codes that it uses with its products and services.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,098,882**

15. Plaintiff incorporates by reference each of its foregoing allegations.

16. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 882 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

17. Defendant directly infringes at least claim 1, as representative, of the 882 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (including testing by Defendant), offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 1 of the 882 patent provides a method of encoding data (*e.g., QR Codes*) on a substrate (*e.g., a digital screen or printed paper*) as digital data comprising:

> formatting the data into a series of digital data values (*e.g., the QR Codes representing date in a series of digital values*) wherein said series of digital data values are formatted into a pattern comprising a plurality of spaces (*e.g., the QR Codes are formatted into a pattern comprising a plurality of spaces*) at least some of which have dimensions M pixels by N pixels (*e.g., the QR Code patterns have dimensions of M pixels wide by N pixels tall*) wherein at least one bit in said series of digital data values are represented in each of said plurality of spaces (*e.g., the QR Codes have at least one bit in said series of digital data values that are represented in each of said plurality of spaces, i.e., each space represents a digital bit*) where at least one logical state is expressed by the presence in the space of a spot of a spot size with dimensions X pixels by Y pixels (*e.g., the QR Codes have at least one logical state expressed by the presence in the space of a spot of a spot size with dimensions X pixels by Y pixels, i.e., the dark spots are X pixels wide by Y pixels tall and represent logical 1s*) and at least one other logical state is expressed by the absence of a spot with dimensions X pixels by Y pixels from the space (*e.g., the QR Codes have at least one other logical*

*state expressed by the absence of a spot with dimensions X pixels by Y pixels from the space, i.e., the light spots are X pixels wide by Y pixels tall and represent logical 0s*) and where at least one of dimensions M, N, X, and Y is capable of differing from at least one other of the dimensions M, N, X, and Y (*e.g., the QR Codes having differing M, N, X, and Y dimensions*); and

outputting said pattern onto at least one substrate, such that the data is represented in digitized form on said at least one substrate (*e.g., the QR Codes are outputted onto a digital screen or printed paper*).

18. Defendant's direct infringement of the 882 patent is further shown in Exhibit E.

19. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

20. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 1 upon a plain reading of this Complaint, the 882 patent, and claim 1.

21. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

22. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 882 patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,176,427

23. Plaintiff incorporates by reference each of its foregoing allegations.

24. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 427 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

25. Defendant directly infringes at least claim 26, as representative, of the 427 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (including testing by Defendant), offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 26 of the 427 patent provides a method of decoding digital data from a pattern (*e.g.*, *decoding a QR Code*) wherein the pattern comprises a plurality of spaces at least some of which can contain a spot that represents at least one bit of said digital data (*e.g.*, *the QR Code comprises a plurality of spaces at least some of which can contain a spot that represents at least one bit of said digital data*), and wherein at least one way in which digital data is encoded within said pattern is by the presence in at least one space of a spot with at least one attribute different from at least one attribute of the space (*e.g.*, *the QR Code having different patterns of spots representing logical 1s and different patterns of spaces representing logical 0s*), such method comprising:

(a) determining the at least one attribute of at least one space of a spot which might be contained within the at least one space (*e.g.*, *the QR Code provides determining the at least one attribute of at least one space of a spot which might be contained within the at least one space*); and

(b) decoding at least one bit of data using information obtained in step (a) (*e.g.*, *the QR Code bits are decoded using the information obtained in step (a)*).

26. Defendant's direct infringement of the 427 patent is further shown in Exhibit F.

27. Claim 26 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

28. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 26 upon a plain reading of this Complaint, the 427 patent, and claim 26.

29. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its

preliminary infringement analysis as provided in this Complaint. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

30. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 427 patent.

**COUNT III**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,820,807**

31. Plaintiff incorporates by reference each of its foregoing allegations.

32. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 807 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

33. Defendant directly infringes at least claim 20, as representative, of the 807 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (including testing by Defendant), offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 20 of the 807 patent provides a method for retrieving an information resource (*e.g., a method for retrieving a QR Code*), the method comprising:

scanning a machine readable indicia comprising digital data values formatted into a two dimensional pattern (*e.g., the QR Code is a machine readable indicia comprising digital data values formatted into a two dimensional pattern that may be scanned*);

extracting an address of the information resource from the machine readable indicia (*e.g., extracting a web address from the QR Code*); and

retrieving the information resource for presentation to a user (*e.g., retrieving the web address from the QR Code for presentation to a user*).

34. Defendant's direct infringement of the 807 patent is further shown in Exhibit G.

35. Claim 20 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

36. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 20 upon a plain reading of this Complaint, the 807 patent, and claim 20.

37. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

38. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 807 patent.

**COUNT IV**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,281,999**

39. Plaintiff incorporates by reference each of its foregoing allegations.

40. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 999 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

41. Defendant directly infringes at least claim 1, as representative, of the 999 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (including testing by Defendant), offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 1 of the 999 patent provides a communication system (*e.g., a QR Code communication system*) comprising:

processing means (*e.g., a QR Code scanner*) for decoding a machine-readable code formatted into a two dimensional pattern (*e.g., decoding a QR Code formatted into a two dimensional pattern*) where that machine-readable code contains contact information (*e.g., the QR Code contains a web address for contacting Defendant's server*), whereby the contact information is derived (*e.g., from the QR Code*),

communicating means (*e.g., a smartphone*) for communicating where said communicating means communicates using the contact information derived from the processing means (*e.g., navigating to Defendant's website address decoded from the QR Code*), and,

networking means (*e.g., networking interface of the smartphone*) for communicating with other computers in the network (*e.g., linking to Defendant's servers*), and where the machine-readable code which contains digital data comprising contact information further comprises digital data for communicating with other computers on said network (*e.g., the QR Code containing website address links to Defendant's servers*).

42. Defendant's direct infringement of the 999 patent is further shown in Exhibit H.

43. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

44. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 1 upon a plain reading of this Complaint, the 999 patent, and claim 1.

45. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

46. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 999 patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 882, 427, 807, and 999 patents under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(a).

Dated: May 15, 2017

Respectfully submitted,

OF COUNSEL:
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

By:/s/Jean-Marc Zimmerman
Zimmerman Law Group
233 Watchung Fork
Westfield, NJ 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
Email: jmz@zimllp.com

*Counsel for Plaintiff*
*Kaldren LLC*